## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIAD GUARANTY INC., | Case No. 13-11452 (MFW) |
| Debtor. | Objections Due: July 5, 2017 at 4:00 pm (ET) |
| | Hearing Date: July 12, 2017 at 2:00 pm (ET) |

## DEBTOR'S THIRD MOTION FOR A FINAL ORDER AUTHORIZING
## DEBTOR TO INCUR ADDITIONAL POSTPETITION DEBT

Triad Guaranty Inc., the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (the "Case"), hereby presents this motion (the "Motion") for an entry of a Final Order Authorizing Debtor's Third Motion to Incur Additional Postpetition Debt (the "Third DIP Order"). In support of the Motion, the Debtor respectfully represents as follows:

### INTRODUCTION

1. By this Motion, the Debtor seeks entry of a final order authorizing the Debtor to obtain further post-petition financing from Triad DIP Investors LLC (the "DIP Lender") pursuant to the terms of a promissory note (the "Note," and all undefined terms herein having the meanings set forth in the Note, substantially in the form annexed hereto as Exhibit A). The Debtor is in the final stages of completing its reorganization and on its way to emerging from bankruptcy. The loan is necessary to fund the Debtor's strategy of proposing a chapter 11 plan of reorganization and pay going-forward administrative expenses attendant thereto, as well as certain other necessary monthly expenses in the ordinary course of business. The DIP Lender has agreed to extend this loan in exchange for superpriority administrative expense treatment and a warrant to

acquire 10% of the fully diluted common stock of the reorganized Debtor, as described in the Note.

## JURISDICTION, VENUE, AND AUTHORITY

2.    This Court has jurisdiction over the case and this Motion pursuant to sections 157 and 1334 of title 28 of the United States Code.  This matter is a core proceeding within the meaning of sections 157(b)(2)(A) and (D) of title 28 of the United States Code.

3.    Venue is proper in this District pursuant to sections 1408 and 1409 of title 28 of the United States Code.

4.    The statutory predicates for the relief requested herein are sections 361, 362, 363, and 364 of title 11 of the United States Code (as amended and applicable hereto, the "Bankruptcy Code"), Rules 2002, 4001(c), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

### A.    The Bankruptcy Case

5.    On June 3, 2013 (the "Petition Date"), the Debtor filed a petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business as debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in this chapter 11 case, and no committee has been appointed or designated.

6.    A description of the Debtor's business and the reasons for commencing this chapter 11 case are set forth in the Declaration of William T. Ratliff, III in Support of Debtor's Chapter 11 Petition and First Day Motions [D.I. 3].

7.    The Debtor is current in its monthly reporting obligations and payment of fees to the U.S. Trustee, and has maintained director and officer insurance coverage.

**B.    Prior Financing Motions**

8.    The Court has already approved, and the Debtor has received, approximately $40,000 in postpetition financing from William T. Ratliff, III, as summarized below.

9.    On March 9, 2016, the Debtor filed a Motion for Interim and Final Order Authorizing Debtor to Incur Postpetition Debt (the "First Financing Motion") [D.I. 383]. On March 10, 2016, the Court entered its Order Authorizing Debtors to: (a) Incur Postpetition Debt on an emergency basis pending a Final Hearing; and (b) Grant Adequate Protection and Provide Other Relief [D.I. 389] (the "First Interim Order") authorizing the Debtor to borrow $20,000 to pay certain fees required to be paid to the Office of the United States Trustee and to extend the D&O Coverage.

10.    After the Final Hearing in connection with the First Financing Motion, the Court entered its Final Order Authorizing Debtors to: (a) Incur Postpetition Debt; and (b) Grant Adequate Protection and Provide Other Relief [D.I. 396] (the "First DIP Order").

11.    On March 15, 2017, the Debtor filed a Second Motion for a Final Order Authorizing Debtor to Incur Additional Postpetition Debt [D.I. 430] (the "Second

Financing Motion"). On March 31, 2017, after a hearing on the Second Financing Motion, the Court entered its Final Order Authorizing Debtor's Second Motion to: (A) Incur Additional Postpetition Debt; (B) Grant Adequate Protection; and (C) Provide Other Relief [D.I. 435] (the "Second DIP Order"), authorizing the Debtor to borrow $20,000 to pay fees to the United States Trustee and to fund a further extension of the D&O Coverage.

## RELIEF REQUESTED

12.    By this Motion, pursuant to Bankruptcy Code sections 361, 363, and 364 and Bankruptcy Rules 4001(c), the Debtor requests that this Court enter a final order authorizing the Debtor to incur further postpetition debt (the "Postpetition Debt") pursuant to the terms of the Note.

## BANKRUPTCY RULE 4001 CONCISE STATEMENT

13.    Under the disclosure requirements of Bankruptcy Rule 4001(c) and Local Rule 4001-2(a)(ii), the following summarizes the significant terms of the Note and the Third DIP Order.  There are no provisions required to be highlighted pursuant to Local Rule 4001-2(a)(i)(A)-(H).

(a)    **Borrower:**  Triad Guaranty, Inc.

(b)    **Lender:**  Triad DIP Investors LLC

(c)    **Maximum Aggregate Debt Available:**  $400,000

(d)    **Interest Rate:**  10% per annum

(e)    **Maturity Date:**  The earliest of: (a) the date on which the United States Bankruptcy Court for the District of Delaware approves a debtor-in-possession lending transaction with any other lender, (b) the effective date of any plan of reorganization of Borrower, and (c) the date of the conversion of the Borrower's bankruptcy case to a case under chapter 7 of the title 11 of the United States Code, or the

dismissal of such bankruptcy case.  In the event that the maturity date is the effective date of any confirmed chapter 11 plan of the Debtor, the loan shall automatically convert to into a 2 year term loan as of the confirmation date.

(f)    **Events of Default:** The occurrence and continuance of any of the following shall constitute an event of default:

    i.    <u>Failure to Pay</u>. The Borrower fails to pay any principal amount of the Loan when due and such failure continues for 30 days after written notice to the Borrower.

    ii.   <u>Breach of Representations and Warranties</u>. Any representation or warranty made or deemed made by the Borrower to the Noteholder herein is incorrect in any material respect on the date as of which such representation or warranty was made or deemed made.

    iii.  <u>Breach of Covenants</u>. The Borrower fails to observe or perform  (a) any covenant, condition or agreement contained in the Note or (b) any other material covenant, obligation, condition or agreement contained in the Note other than those specified in clause (a) and Section 8.1 of the Note and such failure continues for 30 days after written notice to the Borrower.

    14.    In addition, the provisions described in Bankruptcy Rule 4001(c)(1)(B)(i)-(xi) are:

(i)    **Grant of Priority or a Lien on Property of the Estate under § 364(c) or (d).**  Pursuant to the Final DIP Order, the Lender is to be granted a superpriority administrative expense claim for the amount loaned under the Note.

(ii)   **Providing of Adequate Protection or Priority for a Claim that Arose Before the Commencement of the Case, including the Granting of a Lien on Property of the Estate to Secure the Claim, or the Use of Property of the Estate or Credit Obtained Under § 364 to Make Cash Payments on Account of the Claim.**  Not applicable.

(iii)  **Determination of the Validity, Enforceability, Priority, or Amount of a Claim that Arose Before the Commencement of the Case, or of any Lien Securing the Claim.**  Not applicable.

(iv)    **Waiver or Modification of Code Provisions or Applicable Rules Relating to the Automatic Stay.** Not applicable.

(v)    **Waiver or Modification of any Entity's Authority or Right to file a Plan, Seek an Extension of Time in Which the Debtor has the Exclusive Right to File a Plan, Request the Use of Cash Collateral Under § 363(c), or Request Authority to Obtain Credit Under § 364**. Not applicable.

(vi)    **Establishment of Deadlines for Petition a Plan of Reorganization, for Approval of a Disclosure Statement, for a Hearing on Confirmation, or for Entry of a Confirmation Order.** Not applicable.

(vii)    **Waiver or Modification of the Applicability of Nonbankruptcy Law Relating to the Perfection of a Lien on Property of the Estate, or on the Foreclosure or Other Enforcement of the Lien.** Not applicable.

(viii)    **Release, Waiver, or Limitation on any Claim or Other Cause of Action Belonging to the Estate or the Debtor, including any Modification of the Statute of Limitations or Other Deadline to Commence an Action.** Not applicable.

(ix)    **Indemnification of any entity.** Not applicable.

(x)    **Release, Waiver, or Limitation of any Right Under § 506(c).** Not applicable.

(xi)    **Grant of a Lien on any Claim or Cause of Action Arising under §§ 544, 545, 547, 548, 549, 553(b), 723(a), or 724(a).** Not applicable.

### BASIS FOR RELIEF REQUESTED

15.    As a debtor-in-possession, the Debtor is authorized to operate its business under Bankruptcy Code section 1108.  As part of that operation, the Debtor may incur unsecured debt in the ordinary course of business.  <u>See</u> 11 U.S.C. § 364(a).

16.    Section 364 of the Bankruptcy Code governs a debtor's ability to incur debt or obtain credit postpetition.  More specifically, Bankruptcy Code section

364(c)(1)-(3) addresses the incurrence of postpetition credit on a non-priming basis, providing as follows:

> (c)    If the [debtor in possession] is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the Court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt –
>
> (1)    with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;
>
> (2)    secured by a lien on property of the estate that is not otherwise subject to a lien; or
>
> (3)    secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. § 364(c).

19.    Other than the requirement of "notice and a hearing," the only statutory prerequisite for obtaining secured credit on a "superpriority" basis under Bankruptcy Code section 364(c)(1) is that "the [debtor in possession] is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense." 11 U.S.C. § 364(c). The Debtor has satisfied this threshold test.

20.    Despite the Debtor's efforts, the Debtor has been unable to obtain credit other than by granting superpriority administrative expense status to such obligations. Consequently, the Debtor should be permitted to borrow from the DIP Lender on a "superpriority" basis under Bankruptcy Code section 364(c)(1).

21.    Generally, courts give broad deference to business decisions of a debtor-in-possession. See, e.g., Richmond Leasing v. Capital Bank, N.A., 762 F.2d

1303, 1311 (5th Cir. 1985).  Moreover, a Bankruptcy Court will respect a debtor-in-possession's business judgment regarding the need for and the proposed use of funds:

> A court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party in interest.

In re Ames Dep't Stores, Inc., 115 B.R. 34, 40 (Bankr. S.D.N.Y 1990).  The power of the debtor-in-possession to incur secured debt follows necessarily from the general power of the debtor-in-possession to operate its business in the exercise of its business judgment.

See 11 U.S.C. § 1108.

23.    In the present case, the Debtor's decision to obtain the additional $400,000 in postpetition financing represents an exercise of sound business judgment. Like most business decisions, the Debtor's decision to obtain the postpetition financing will both confer a number of benefits on the Debtor and impose several obligations. The Debtor has made significant progress with stakeholders is on its way to exiting bankruptcy.  The loan requested by this Motion will permit the Debtor to prepare and confirm a chapter 11 plan by paying its going forward administrative expenses, U.S. Trustee fees, and other monthly expenses in the ordinary course of business. In exchange for the foregoing, the Debtor has agreed, among other things, that the postpetition indebtedness shall be entitled to superpriority administrative expense treatment.  The Debtor has also agreed to grant the DIP Lender a warrant to acquire 10% of the fully diluted common stock of the reorganized Debtor.

24.     In sum, the substantial benefits that the Debtor will derive from the proposed financing support the Debtor's business judgment to enter into the postpetition financing arrangement with the DIP Lender.

## NOTICE

25.     Notice of this Motion has been given to (a) the Office of the United States Trustee for the District of Delaware; (b) all parties requesting notice under Bankruptcy Rule 2002; (c) the Debtor's twenty (20) largest unsecured creditors; and (d) the DIP Lender.  The Debtor submits that under the circumstances, no other or further notice need be given.

**WHEREFORE**, the Debtor respectfully requests that this Court enter the Final DIP Order substantially in the form annexed hereto: (a) authorizing the Debtor to obtain the additional $400,000 in Postpetition Debt from the DIP Lender; (b) approving the Postpetition Debt on a final basis; (c) authorizing the Debtor to execute any and all documents and take such other actions as necessary to effectuate the transactions contemplated by the postpetition financing; and (d) granting such other and further relief as this Court deems just and proper under the circumstances.

Dated:  June 21, 2017               **SHAW FISHMAN GLANTZ**
                                    **& TOWBIN LLC**

                                    /s/ Thomas M. Horan
                                    Thomas M. Horan (Del. Bar No. 4641)
                                    300 Delaware Ave., Suite 1370
                                    Wilmington, DE 19801
                                    Telephone: (302) 480-9412
                                    E-mail: thoran@shawfishman.com

                                    *-and-*

David R. Doyle
321 North Clark Street, Suite 800
Chicago, IL 60654
Telephone: (312) 541-0151
Email:  ddoyle@shawfishman.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*