IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIAD GUARANTY INC., | Case No. 13-11452 (MFW) |
| Debtor. | Re: D.I. 464 |

### FINAL ORDER AUTHORIZING DEBTOR'S THIRD MOTION TO INCUR ADDITIONAL POSTPETITION DEBT

This matter came before this Court on the Debtor's Third Motion for a Final Order Authorizing Debtor to Incur Additional Postpetition Debt (the "Motion," and all undefined terms herein having the meanings set forth in the Motion), requesting that this Court enter an order authorizing the Debtor to (a) incur additional Postpetition Debt; and (b) grant adequate protection and other relief to the DIP Lender.

This Order constitutes findings of fact and conclusions of law under Bankruptcy Rule 7052 and will take effect and be fully enforceable as of the date of entry of this Order.

Having examined the Motion, being fully advised of the relevant facts and circumstances surrounding the Motion, and having completed a hearing pursuant to Bankruptcy Code sections 363 and 364 and Bankruptcy Rules 4001(c), and objections, if any, having been withdrawn, resolved, or overruled by the Court,

**THE MOTION IS GRANTED AS SET FORTH HEREIN, AND THE COURT HEREBY FINDS THAT:**

A.   On the Petition Date, the Debtor filed a voluntary petition for relief under chapter 11 of the Code. The Debtor has retained possession of its property

{12176-001 ORD A0474890.DOCX 2}

and continues to operate its business as debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

B. The Court has jurisdiction over this Case and this proceeding under section 1334 of title 28 of the United States Code. Determination of the Motion constitutes a core proceeding as defined in section 157(b)(2) of title 28 of the United States Code. Venue over the Motion is proper under section 1409(a) of title 28 of the United States Code.

C. No Committee has been appointed in this Case.

D. The Debtor admits, stipulates, and agrees that:

(a) The Debtor needs to incur Postpetition Debt in order to prevent immediate and irreparable harm to its estate.

(b) The Debtor is unable to obtain credit without the granting of superpriority administrative status allowable under Bankruptcy Code section 503(b)(1) in the amount of $400,000.

(c) Except as provided below, the Debtor is unable to obtain credit allowable under Bankruptcy Code section 364(c)(1) on terms more favorable than those offered by the DIP Lender. An immediate need exists for the Debtor to obtain funding in order to fund its chapter 11 plan and pay administrative expenses, director and officer liability insurance, and fees incurred and payable to the Office of the United States Trustee, as well as to administer and preserve the value of its estate.

(d) The Debtor does not have sufficient cash resources to fund a viable chapter 11 plan of reorganization or pay the expenses necessary to prepare and obtain confirmation of the plan.

(e) The terms of the Postpetition Debt have been negotiated at arm's length, and the Postpetition Debt is being extended in good faith, as that term is used in Bankruptcy Code section 364(e).

(f) The terms and conditions of the Note are fair and reasonable, the best available to Debtor under the circumstances, reflect Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and consideration.

(g) Under the circumstances of this case, this Order is fair and reasonable, and the entry of this Order is in the best interest of Debtor's estate and its creditors.

E. The notice provided by Debtor of the Motion, the hearing on the Motion, and the entry of this Order satisfy the requirements of Bankruptcy Rules 4001(c) and 9014, and Bankruptcy Code sections 102(1), 363, and 364(c) and (d), and were otherwise sufficient and appropriate under the circumstances.

**WHEREFORE, IT IS HEREBY ORDERED THAT:**

1) **Authorization to Incur Postpetition Debt.**

(a) <u>Postpetition Documents</u>. Subject to the terms of this Order, the Debtor is authorized and has agreed to: (1) execute the Note and any other documents that the DIP Lender finds reasonably necessary or desirable to implement the transactions contemplated by the Note; and (2) perform its obligations under, and comply with, all of the terms and provisions of the Note and this Order.

(b) Upon execution and delivery thereof, the Note will constitute valid and binding obligations of the Debtor enforceable in accordance with

its terms. To the extent that there are any conflicts among the terms of the Motion, the Note, and this Order, this Order will govern and control.

    (c)    <u>Certain Additional Material Terms of Postpetition Debt</u>.

        (i)    <u>Maximum Amount</u>. The maximum principal amount of Postpetition Debt outstanding under the Note may not at any time exceed $400,000.

        (ii)    <u>Interest</u>. The Postpetition Debt will bear interest at the rate of 10% per annum.

        (iii)    <u>Closing Fee</u>. There will be no closing fee.

        (iv)    <u>Maturity</u>. The Postpetition Debt will mature and become due and payable in full by the Debtor on the Maturity Date.

    (d)    <u>Superpriority Administrative Expense Status</u>. The Postpetition Debt is hereby granted superpriority administrative expense status under Bankruptcy Code section 364(c)(1), with priority over all costs and expenses of administration of the Case that are incurred under any provision of the Bankruptcy Code, except that such superpriority administrative expense status shall be subject and junior to (i) the superpriority claim, granted by this Court's order of May 9, 2017 (the "Tax Payment Order"), granting superpriority status to the claims of TGIC and/or TGAC (as they are defined the Tax Payment Order) to the extent of any Overpayment (as defined in the Tax Payment Order); and (ii) the Carveout.

    (e)    <u>Carveout</u>. The superpriority administrative expense claim granted to the DIP Lender is subject only to the right of payment of statutory fees

payable to the U.S. Trustee pursuant to section 1930(a)(6) of title 28 of the United States Bankruptcy Code with respect to the Debtor and the Carve-Out (as defined in the Note in respect of the Debtor's proposed counsel, Shaw Fishman Glantz & Towbin LLC; provided, however, the Carveout shall be junior in priority to the Superpriority Claim granted in the Tax Payment Order.

2) **Amendments**. The Debtor and the DIP Lender may enter into amendments or modifications of the Note without any further notice, hearing, or order of this Court; provided, however, that (a) such modifications or amendments do not materially and adversely affect the rights of any creditor or other party-in-interest and (b) notice of any such amendment or modification is filed with this Court and provided to the parties filing requests for notice under Bankruptcy Rule 2002 and the office of the United States Trustee. Any party may request a hearing within five (5) business days of receipt of such notice to assert that any such amendment or modification materially and adversely affects the rights of any creditor or other party-in-interest.

3) **Binding Effect**. This Order is binding on all parties in interest in the case and their respective successors and assigns, including, without limitation, any Trustee, except that any Trustee will have the right to terminate this Order after notice and a hearing, subject to the terms and conditions of this Order.

4) If, in accordance with Bankruptcy Code section 364(e), this Order does not become a final nonappealable order, if a Trustee terminates this Order, or if any of the provisions of this Order are hereafter modified, amended, vacated, or stayed by any subsequent order of this Court or any other court, such termination or subsequent order will not affect: (a) the stipulations, representations, and findings

contained in this Order and the relief granted by this Order; and (b) the Postpetition Debt incurred, prior to the effective date of such termination or subsequent order.

5) All such claims and other benefits will be governed in all respects by the original provisions of this Order, and the DIP Lender will be entitled to all of the rights, remedies, privileges, and benefits granted herein, including, without limitation, the priorities granted herein with respect to the Postpetition Debt.

6) Except as otherwise explicitly set forth in this Order, no third party is intended to be, or may be deemed to be, a third party beneficiary of this Order.

7) **Survival**. The provisions of this Order, and any actions taken pursuant to or in reliance upon the terms hereof, will survive entry of, and govern in the event of any conflict with, any order that may be entered in the case: (a) confirming any chapter 11 plan, (b) converting the case to a case under chapter 7 of the Bankruptcy Code, (c) dismissing the Bankruptcy Case, (d) withdrawing of the reference of the Bankruptcy Case from this Court, or (e) providing for abstention from handling or retaining of jurisdiction of the Bankruptcy Case in this Court. The terms and provisions of this Order, including, without limitation, the rights granted to the DIP Lender under Bankruptcy Code sections 364(c) and (d), will continue in full force and effect until all of the Postpetition Debt is indefeasibly paid in full in cash and discharged.

Dated: July 12, 2017

The Honorable Mary F. Walrath
United States Bankruptcy Judge