# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIAD GUARANTY INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 13-11452 (MFW)<br><br>**Re: D.I. 660** |

### ORDER SUSTAINING DEBTOR'S FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS PURSUANT TO 11 U.S.C. § 502, FED. R. BANKR. P. 3007 AND DEL. BANKR. L.R. 3007-1

This matter having been presented to the Court by way of the first omnibus objection (substantive) to claims pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1 (the "Claims Objection") [D.I. 660] filed by debtor Triad Guaranty Inc. (the "Debtor"); and the Court having determined that adequate notice of the Claims Objection has been given pursuant to Fed. R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1; and the Court having jurisdiction to consider the Claims Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Claims Objection having been adequate and appropriate under the circumstances; and the Court having read and considered all pleadings filed in support of the Claims Objection, responses to the Claims Objection, if any; and the Court having determined that the legal and factual bases set forth in the Claims Objection and at the hearing (if any) establish just cause for the relief granted herein, it is hereby ordered:

1. The Claims Objection is granted in part as set forth in this Order.

2. Any response to the Claims Objection not otherwise withdrawn, resolved, or

adjourned is hereby overruled on its merits.

3. Each claim identified on Exhibit A to this Order is expunged and disallowed in its entirety.

4. The proof of claim of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss") is reduced and allowed in the amount of $46,000. Paul Weiss is authorized to retain such amount out of the Debtor's retainer held in Paul Weiss' client trust account, and is ordered to return the balance of the retainer in the amount of $46,368.05 to the Debtor upon entry of this Order.

5. Donlin Recano & Company, Inc., the Debtor's notice and claims agent, is directed to update the claims register to reflect the relief granted in this Order.

6. Each of the Disputed Claims and the Claims Objections by the Debtor to each of the Disputed Claims, as addressed in the Claims Objection and set forth on Exhibits A and B, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed a separate Order with respect to each Disputed Claim. Any stay of this Order pending appeal by any claimants whose Claims are subject to this Order will only apply to the contested matter that involves such claimant and will not act to stay the applicability or finality of this Order with respect to the other contested matters identified in the Claims Objection or this Order.

7. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Claims Objection.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: August 28th, 2018**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**